# UNITED STATES BANKRUPTCY COUTY
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| JEFFREY OLSON ) | |
|     Debtor ) | |
| ) | |
| JEFFREY OLSON ) | |
|     Plaintiff, ) | Chapter 7 Case No.   08-20306 |
| ) | |
| vs. ) | Adversary Case No. |
| ) | |
| MTC 1, INC. and ) | |
| ) | |
| PARTNERS FINANCIAL SERVICES, INC. ) | |
| ) | |
|     Defendants. ) | |

## COMPLAINT

COMES NOW the plaintiff, by and through counsel, and for his Complaint states to the Court as follows:

1. Plaintiff filed a Chapter 7 bankruptcy with this Court on February 28, 2008.

2. Defendant MTC 1, INC. is a Missouri corporation whose registered agent for service of process in the state of Missouri is Chris Harris, 11842 Mo. Bottom Rd., Hazelwood, Missouri 63042.

3. Defendant Partners Financial Services, Inc. is a Missouri corporation whose registered agent for services of process in the state of Missouri is Wally E. Overstreet, 30 Henry Ave., Ellisville, MO 63011.

4. This Court has jurisdiction over the claims made herein under 28 U.S.C. §§ 1334, 151, and 157(a).

5. This is a core proceeding by virtue of 28 U.S.C. § 157(b)(J).

6. Prior to filing his Chapter 7 bankruptcy case, plaintiff entered into a contract with MTC 1, Inc. for the payment of approximately $7,000 (hereinafter "the debt").

7. The debt was a retail installment contract with MTC 1, Inc, for the payment of tuition and other charges.

8. Upon information and belief, the debt was assigned to Partners Financial Services, Inc.

9. Section 523(a)(8) defines what is a student loan for the purposes of dischargeability of the debt.

10. The debt was not made, insured, or guaranteed by a governmental unit or nonprofit institution.

11. The debt was not an obligation to repay funds received as an educational benefit, scholarship, or stipend.

12. The debt was not for qualified higher educational expenses as defined in 26 U.S.C § 221(d), because MTC 1, Inc. is not an eligible educational institution as defined in 26 U.S.C. § 25A(f)(2).

13. The debt is not a student loan as defined by § 523(a)(8), and is therefore not excepted from discharge.

WHEREFORE, the plaintiff prays this Court enter its judgment and order declaring the debt is not excepted from discharge by 11 U.S.C. § 523(a)(8) as it is not a student loan as defined by the bankruptcy code.

Respectfully Submitted,

THE BAEHR LAW FIRM, P.C.

by:   /s/ J. Brian Baehr
      J. Brian Baehr, #47272
1205 West Broadway
Columbia, MO 65203
Telephone: (573) 499-1310
Facsimile: (573) 499-1315
*Attorney for Plaintiff*